UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT SALLEY,<br><br>        Defendant. | Case No. CR20-220-RSL<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DUE DATE |

This matter comes before the Court on defendant's "Unopposed Motion to Continue Trial and Pretrial Motions Dates." (Dkt. # 35). Having considered the facts set forth in the motion, and defendant's knowing and voluntary waiver (Dkt. # 36), the Court finds as follows:

1. The Court adopts the facts set forth in the unopposed motion: in particular, that (a) the defense requires time to engage in necessary investigation and potential areas of mitigation in order to adequately determine whether to proceed to trial in this case, (b) substantial discovery has been provided and defendant has provided an evaluation to the government, and (c) the parties require additional time for negotiations, which may also involve negotiation or partial resolution in state court. The Court accordingly finds that a failure to grant a continuance would deny counsel, and any potential future counsel, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 1

2. The Court finds that a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

3. The Court finds that the additional time requested between March 14, 2022, and the proposed trial date of August 29, 2022, is a reasonable period of delay. The Court finds that this additional time is necessary to provide defense counsel reasonable time to prepare for trial, as defendant has requested more time to prepare for trial, to continue to investigate the matter, to gather evidence material to the defense, and to consider possible defenses. The additional time requested between the current trial date and the new trial date is necessary to provide counsel for the defendant the reasonable time necessary to prepare for trial, considering all of the facts set forth above.

4. The Court further finds that this continuance would serve the ends of justice, and that these factors outweigh the best interests of the public and defendant in a speedier trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

5. Defendant has signed a waiver indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including September 29, 2022, Dkt. # 36, which will permit his trial to start on August 29, 2022.

IT IS HEREBY ORDERED that the trial date shall be continued from March 14, 2022 to August 29, 2022, and pretrial motions are to be filed no later than July 29, 2022;

IT IS FURTHER ORDERED that the period of time from the current trial date of March 14, 2022, up to and including the new trial date, shall be excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. The period of delay attributable to this filing and granting

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 2

of this motion is excluded for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B).

DATED this 4th day of March, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 3